# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-41150
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANNELL DEAN COOPER,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CR-36-5)

October 23, 1997

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Hannell Cooper appeals the district court's denial of his motion to withdraw

his guilty plea. For the reasons assigned, we affirm.

Background

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Acting pursuant to a written plea agreement, Cooper waived indictment and pled guilty to one count of possession with intent to distribute cocaine base.[1] Thereafter he filed a motion to withdraw his guilty plea and a motion to dismiss his counsel contending that his attorney pressured him into pleading guilty to a crime he did not commit. The district court entered a written order denying these motions and Cooper prematurely filed a petition to vacate sentence under 28 U.S.C. § 2255. At sentencing, Cooper renewed the two motions. The district court denied same and Cooper appealed the denial of his motion to withdraw his guilty plea.

Analysis

For this court to have jurisdiction, the appellant must take a timely appeal.[2] Although an appeal in a criminal case is to be taken within 10 days after the entry of judgment,[3] we have treated a premature appeal as timely filed as of the date of entry of judgment.[4] In the case at bar, Cooper filed a 2255 petition after the district court denied his motions to withdraw his plea and to dismiss his attorney.[5]

---

[1] 21 U.S.C. § 841(a)(1).

[2] Fed.R.App.P. 3.

[3] Fed.R.App.P. 4(b).

[4] **United States v. Sacerio**, 952 F.2d 860 (5th Cir. 1992).

[5] Section 2255 was enacted to provide prisoners habeas corpus relief in cases where they claim to be unconstitutionally imprisoned after sentencing. 28 U.S.C. § 2255.

Although Cooper had not been sentenced at the time he filed his 2255 petition, thus making it premature, his responses on the preprinted form made it abundantly clear that Cooper thought he was appealing the district court's denial of his motions.[6] Therefore, in the interest of justice we treat Cooper's 2255 petition as a timely appeal as of the date of final judgment. The petition filed by Cooper meets all of the requirements for a notice of appeal and therefore will be treated as such.[7] We conclude that jurisdiction exists and now address the issue raised in this appeal, specifically, whether the district court abused its discretion in declining to permit Cooper to withdraw his guilty plea.[8]

The district court may permit a defendant to withdraw a guilty plea upon a showing of a fair and just reason.[9] There is no absolute right to such withdrawal and the court must consider various factors, including whether withdrawal would substantially inconvenience the court or waste judicial resources.[10] The record

---

[6] Further evidence of Cooper's intent to appeal can be found in the transcript of his sentencing hearing where he informed the judge that he thought the "2255 form" was an appeal.

[7] Fed.R.App.P. 3(c).

[8] See **United States v. Grant**, 117 F.3d 788 (5th Cir. 1997) (stating the appropriate standard of review).

[9] Fed.R.Crim.P. 32(e).

[10] **Grant**.

reveals that Cooper was questioned carefully by the district court before acceptance of his guilty plea, and in its written order denying Cooper's motion the court expressed the conviction that Cooper knowingly and voluntarily entered his plea of guilty and was, in fact, guilty of the offense charged. The court further noted that to permit Cooper to withdraw his plea immediately in advance of the trial of the remaining defendants, likely would have impacted the scheduling and duration of that trial. We find neither error nor abuse of discretion in the trial court's denial of Cooper's motion and its ruling thereon is AFFIRMED.